# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| Staci Krieg | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: _____ |
| | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a Cigna | ) ) ) |
| | ) |
|     Defendant. | ) |

## <u>ERISA COMPLAINT</u>

### Jurisdictional Allegations

1.  Plaintiff, Staci Krieg is a resident citizen of the State of Alabama and who resides in Madison County, Alabama.

2.  Plaintiff is a plan participant in the Maury Regional Hospital Long Term Disability Plan (hereinafter referred to as the "Plan"), which is an "employee welfare benefit plan" as defined under 29 U.S.C. 1002(1). This Plan is sponsored by Maury Regional Hospital, plaintiff's former employer.

3.  The Plan is insured by the Defendant, Life Insurance Company of America (hereinafter referred to as "LINA") d/b/a Cigna under group policy number LK-0964290.  LINA insures the Plan and acts as both the claims

administrator and delegated plan fiduciary for purposes of determining eligibility for long-term disability benefits under the Plan.

4. The Plaintiff's action is governed by the Employee Retirement Income Security Act of 1974 also known as "ERISA" (29 U.S.C. 1001, et. seq.). This Court has original subject matter jurisdiction of this action pursuant to 29 U.S.C. 1132(e) and the Plaintiff's claim arises under the laws of the United States of America. 28 U.S.C. 1331.

## Factual Allegations

5. One of the benefits of the Plan is that it provides long-term disability benefits to those eligible participants who meet the definition of "disabled" or "totally disabled" under the terms of the Plan.

6. The Plaintiff's last day of work with her employer was July 19, 2017. Plaintiff filed for short and long term disability thereafter. Defendant paid the Plaintiff short term disability benefits but not long term.

7. In a letter dated Jan 8, 2018, LINA advised the Plaintiff that it had determined that she did not meet the definition of disabled under the terms of the Plan for long term disability. LINA advised the Plaintiff that she could appeal this decision.

8. In a letter dated February 27, 2018, the Plaintiff appealed the denial of her claim for long term-term disability benefits.

9. In a letter dated May 9, 2018, LINA advised the Plaintiff that her appeal was denied but that she could file a second voluntary appeal.

10. In a letter dated August 7, 2018, Plaintiff filed a voluntary second appeal regarding the denial of her long term disability claim.

11. In a letter dated October 1, 2018, LINA advised that the Plaintiff's voluntary appeal was denied and that she had exhausted all administrative remedies under the Plan and that she had a right to bring an ERISA action.

## COUNT I

12. Plaintiff readopts and realleges the Jurisdictional Allegations and Factual Allegations set out in paragraphs 1-11 as if fully and completely set out herein.

13. Plaintiff is disabled under the terms of the Plan due to various sicknesses including a working diagnosis of MS, diabetes type 2, fibromyalgia, paresthesia of both arms and feet, hypertension, renal artery stenosis, multi-joint arthritis, mild cognitive impairment due to Alzheimer's

and obesity. Plaintiff has lifting restriction of less than 5 lbs and she cannot drive.

14. The Plaintiff has advised the Defendant that he meets the definition of "disabled", that is, she is unable to perform the material and substantive duties of her regular occupation as a medical assistant in an urgent care unit and also is disabled from "any occupation" as well.

15. LINA has wrongfully denied the Plaintiff's long-term disability claim.

16. Plaintiff is entitled the Plan long-term disability benefits pursuant to 29 U.S.C. 1132(a)(1)(b) for as long as Plaintiff remains disabled under the terms of the Plan.

17. Plaintiff has had no choice but to file this action for benefits due under the terms of the Plan and has had to hire an attorney to help her prosecute both her appeals and this action.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiff prays that this Honorable Court will enter a judgment in favor of the Plaintiff and against the Defendant for past long-term disability benefits pursuant to 29 U.S.C. 1132(a)(1)(b); for the Court to order the Defendant to pay future long-term disability benefits to the Plaintiff under the terms of the Plan for as long as the Plaintiff remains disabled; and for the Court to order the

Defendants to pay interest on back due benefits and to award a reasonable attorney's fees and other costs pursuant to 29 U.S.C. 1132(g), and for any other declaratory and equitable relief otherwise permitted under ERISA pursuant to 29 U.S.C. 1001, et. seq.

                                         R. Willson Jenkins_____
                                         R. Willson Jenkins (ASB-1097-i61R)
                                         Attorney for Plaintiff
                                         P.O. Box 1061
                                         Florence, AL  35631-1061
                                         256-766-4840
                                         Willson@JenkinsandGonce.com

                     **\*Defendant to be served by certified mail:**

Life Insurance Company of North America
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104